# UNITED STATES DISTRICT COURT
## for the
### Eastern District of California

| | |
|---|---|
| United States of America ) | **FILED** |
| v. ) | JUL 28 2009 |
| Jesus LOPEZ; ) Case No. | CLERK, U.S. DISTRICT COURT |
| Jorge LOPEZ; and ) | EASTERN DISTRICT OF CALIFORNIA |
| Javier BUSTAMENTE ) | BY  J. HELLINGS |
| ) | DEPUTY CLERK |
| *Defendant* | |

## CRIMINAL COMPLAINT     1:09 MJ 00170 DLB

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>01/24/2009</u> in the county of <u>Fresno</u> in the <u>Eastern</u> District of <u>California</u>, the defendant violated 21 U. S. C. § <u>841(a)(1) and 846</u>, an offense described as follows:

knowingly and intentionally conspired to possess methamphetamine with intent to distribute.

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

DEA Special Agent Jay Both
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/27/2009

*Judge's signature*

City and state: Fresno, California    Hon. Dennis L. Beck, U.S. Magistrate Judge
*Printed name and title*

**EASTERN DISTRICT OF CALIFORNIA**

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR COMPLAINT**

I, Jay Both, Drug Enforcement Administration ("DEA") Special Agent, being sworn, depose and state the following:

1. I am a DEA Special Agent, United States Department of Justice. I have been so employed since June 2004. I am presently assigned to the DEA Resident Office in Bakersfield, California. During my training, I completed a sixteen week DEA Basic Agent Training Academy in Quantico, Virginia. This training included instruction in the investigation of federal drug violations, including, but not limited to, Title 21, United States Code, Sections 841(a)(1) and 846. I have assisted in several narcotics investigations which have led to the seizure of large quantities of narcotics and United States currency as well as the arrests of numerous individuals. I have discussed with law enforcement officers, cooperating defendants, and informants, the methods and practices used by narcotics distributors. The facts set forth in this affidavit are known to me as a result of my investigation and interviews with agents and officers who are named in this affidavit.

2. In early December 2008, I began to assist the Bakersfield Police Department Major Narcotics with an investigation of two suspected drug traffickers residing in the

1

Bakersfield California area identified as Jorge LOPEZ and Jesus LOPEZ.

3. In early January 2009, I was contacted by Det. John Bennett and FBI SA Frank Heckendorn of the Portland Oregon area, regarding the suspected drug trafficking activities of Jorge LOPEZ and Jesus LOPEZ. Det. Bennett told me that on January 1, 2009, he developed a cooperating defendant that confessed to being a money courier employed by Jesus LOPEZ and Jorge LOPEZ. During the detention and investigation of the cooperating defendant, seven (7) pounds of methamphetamine, approximately $35,000.00 in US currency and a loaded handgun were seized. The cooperating defendant was shown pictures of Jorge LOPEZ and Jesus LOPEZ and he/she positively identified them as the persons employing him/her as a money courier within the LOPEZ drug trafficking organization. The cooperating defendant stated that the $35,000.00 dollars, the seven (7) pounds of methamphetamine and the loaded gun is the property of Jorge LOPEZ and Jesus LOPEZ.

4. On January 26, 2009, I was contacted by Det. Dean Cardinale of the Fresno Police Department regarding the arrest of Jorge LOPEZ and Jesus LOPEZ. Det. Cardinale related the following details to me.

5. On January 24, 2009, at approximately 7:30PM, Det. Jose Rivera acting in an undercover (UC) capacity, along with members

of the Fresno Police Department established surveillance in the area of the Denny's restaurant parking lot, located at East and Jensen Avenue (2568 S. East Avenue), Fresno, California. At that same time, UC Rivera positioned his vehicle on the north side of the Denny's parking lot. UC Rivera had previously negotiated with an unknown subject known only as "Miguel", for the purchase of one pound of methamphetamine. During the negotiations, "Miguel" agreed to deliver a pound of methamphetamine from his location in Bakersfield to UC Rivera's location in Fresno. At approximately 9:00PM, UC Rivera received a telephone call from "Miguel" asking UC Rivera which Fresno exit to take. UC Rivera told "Miguel" to take the Jensen exit and meet behind the Denny's. At approximately 9:22PM, UC Rivera received a telephone call from "Miguel", "Miguel" stated that he was lost and needed directions. UC Rivera provided directions to the Denny's and asked what "Miguel" was driving, "Miguel" stated that he was in a white Ford Explorer.

6. At approximately 9:28PM, while standing outside of his car in the Denny's parking lot, UC Rivera observed a Jeep Cherokee park next to UC Rivera's car. The Cherokee was occupied by two Hispanic males subsequently identified as Octavio ORTIZ (driver) and Jesus LOPEZ (passenger). UC Rivera walked up to the driver's side of the Cherokee and asked for "Miguel". ORTIZ replied no, and stated we are waiting for somebody else. At that

3

same time UC Rivera observed a white Ford Explorer arrive and park on the other side of the UC's vehicle occupied by two Hispanic males subsequently identified as Jesus LOPEZ (driver) and Javier BUSTAMANTE (passenger). UC Rivera walked to the driver's side of the Explorer and greeted the driver as "Miguel" (Jesus LOPEZ) and reached inside of the vehicle and greeted BUSTAMANTE with a handshake. Jesus LOPEZ was talking on his cellular phone to an unknown person and was constantly looking around. Jesus LOPEZ stated to UC Rivera that he did not want to do anything in the parking lot because he did not feel comfortable and further stated that his people did not want to complete the transaction in the parking lot and would rather do it somewhere else. UC Rivera continued to talk with Jesus LOPEZ and tried to convince Jesus LOPEZ that it was safe to do the deal in the parking lot, at that same time Jesus LOPEZ was talking on his cellular phone and stated that his people did not want to do it at this parking lot. Shortly after, Jesus LOPEZ drove away from UC Rivera and parked on the east end of the parking lot. UC Rivera walked back to the UC vehicle and observed that the Cherokee stayed parked next to his vehicle. Approximately three minutes later, UC Rivera observed Jesus LOPEZ and the white Ford Explorer return and park in the same spot next to the UC vehicle. UC Rivera approached the driver's side of the vehicle and observed Jesus LOPEZ talking on his

4

cellular phone. Jesus LOPEZ stated to UC Rivera several times that there was nothing (narcotics) in the vehicle. UC Rivera stated to Jesus LOPEZ that he understood about not being comfortable about doing the transaction in this parking lot and further stated that Jesus LOPEZ just needed to show that he had the product and from there they could drive anywhere that Jesus LOPEZ felt comfortable to complete the transaction. UC Rivera also stated that he had a house nearby that they could use to complete the transaction but that UC Rivera was only going to take them to the house after UC Rivera saw the product. During this conversation Jesus LOPEZ was on the phone relaying the details to an unknown person. UC Rivera then walked away about ten feet from Jesus LOPEZ' vehicle and let him finish the phone call. About a minute later, UC Rivera heard a door open and shut from the Jeep Cherokee and observed Jorge LOPEZ walk to the driver's side of the Ford Explorer and talk with Jesus LOPEZ. UC Rivera observed Jorge LOPEZ walk around the Ford Explorer and get into the passenger side rear door. At that time Jesus LOPEZ motioned for UC Rivera to get into the driver's side rear door. As UC Rivera leaned into the back seat area, UC Rivera observed Jorge LOPEZ reaching into the back of the vehicle and heard a Velcro opening noise. UC Rivera observed Jorge LOPEZ open a lid directly behind the back seat. Jorge LOPEZ retrieved a clear Zip Loc bag and held it up to show UC Rivera. UC Rivera observed a

bag containing an off white substance that appeared to be about a pound of suspected methamphetamine. UC Rivera stated to Jorge LOPEZ that UC Rivera was convinced and was going to walk back to his car and get the money. Jorge LOPEZ asked how many UC Rivera needed and UC Rivera stated that he only needed one. The above mentioned conversation between UC Rivera and Jorge LOPEZ took place while Jesus LOPEZ and Javier BUSTAMANTE were in the vehicle and was loud enough for all occupants to hear the content of the conversation. As UC Rivera walked away from the white Ford Explorer, UC Rivera gave the bust signal.

7. Shortly after the bust signal was given, members of the Fresno Police Major Narcotics entered the Denny's parking lot and arrested Jesus LOPEZ, Jorge LOPEZ, Javier BUSTAMANTE and Octavio ORTIZ without incident. A search of the white Ford Explorer revealed approximately six (6) individually packaged pound quantity baggies of methamphetamine contained in a hidden compartment in the back area of the Explorer and a loaded 9mm handgun.

8. The methamphetamine seized during the arrest of Jesus LOPEZ, Jorge LOPEZ, Javier BUSTAMANTE and Octavio ORTIZ was tested for the presence of methamphetamine with positive results.

9. Based on the foregoing facts and circumstances and your affiant's training, knowledge and experience, the

methamphetamine recovered was consistent with distribution purposes based on the quantity and packaging of the controlled substance, therefore there is probable cause to believe that Jesus LOPEZ, Jorge LOPEZ, and Javier BUSTAMANTE did knowingly conspire to distribute a substance thought to be crystal methamphetamine, a Schedule I Controlled Substance.  Your affiant therefore requests that this Honorable Court issue an arrest warrants for Jesus LOPEZ, Jorge LOPEZ and Javier BUSTAMANTE for Title 21, United States Code, Section 841(A)(1) - possession with intent to distribute methamphetamine, and Section 846 - conspiracy to distribute methamphetamine.

Jay Both
Special Agent
U.S. Drug Enforcement Administration

Subscribed and sworn to before me this the 27th day of July, 2009

Hon. Dennis L. Beck
United States Magistrate Judge

7